```
IN THE UNITED STATES DISTRICT COURT
 FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              STATESVILLE DIVISION
                 5:06CV62-MU-02
```

```
DEVIN CALHOUN,              )
     Plaintiffs,             )
                             )
       v.                    )
                             )
REGGIE WEISNER, Superin-     )
  tendent of Alexander       )
  Correctional Institu-      )    O R D E R
  tion; and                  )
KEITH WHITNER, Assistant     )
  Superintendent of Alex-    )
  ander Correctional         )
  Institution,               )
     Defendants.             )
_____)
```

**THIS MATTER** comes before the Court on an initial review of the plaintiffs' civil rights Complaint under 42 U.S.C. §1983, filed May 18, 2006. After careful consideration, for the reasons stated herein, the plaintiffs' Complaint will be <u>dismissed</u> in its entirety.

According to the instant Complaint, the plaintiff is an inmate in the custody of the North Carolina Department of Corretigons. The plaintiff claims that during the period between May 2004 and August 2005, he was confined within the segregation unit of the Alexander Correctional Institution ("ACI," hereafter). The plaintiff alleges that during the relevant period, on the

occasions when he was being moved outside of his cell, prison officers used a "black tether," connecting him to his fellow inmates in order to maintain control of them.

The plaintiff further complains that after reading a dictionary, he discovered that a tether is a rope or chain which typically is used to control animals.  Therefore, the plaintiff reports that he filed grievances, "to challenge the constitution-amity . . . " of the practice of tethering inmates.  However, the plaintiff states that in response to his grievances, he was advised that the tether had been used pursuant to certain Prison policy; and that its use had been discontinued pending further review.

Notwithstanding the foregoing reported response or the fact that he does not at all claim that he was injured by the use of tether on him, the plaintiff now has filed the instant federal law suit, seeking unspecified money damages.  In particular, the plaintiff complains that he should be awarded compensatory and punitive damages, presumably for the defendants' infliction of cruel and unusual punishment, and for his having suffered Emo-tonal anguish, as indicated in the grievances which he attached to his Complaint.  Suffice it to say, however, in the absence of certain critical facts, the plaintiff simply cannot prevail in this action.

Indeed, the Court first notes that the plaintiff has sued

the Superintendent and Assistant Superintendent of ACI, but nowhere in his 13-page document does he allege any facts which could support a finding that these men were responsible for the use of the tether, or that they even had knowledge of such practice. Thus, in light of such a glaring omission, the plaintiff cannot possibly demonstrate an entitlement to relief as to these defendants. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.) (noting requirements for supervisory liability), cert. denied, 513 U.S. 813 (1994); and Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984) (noting requirements for respondeat superior liability).

More critically, it is well-settled that "after incarceration, only the unnecessary and wanton infliction of pain constitutes . . . cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish such a violation based upon conditions of confinement, the plaintiff must allege and prove (1) the existence of an objectively "sufficiently serious" deprivation or risk of serious harm and (2) that the prison officials knowing of the deprivation or risk acted consciously with deliberate indifference to his health and safety subjectively. Wilson v. Seiter, 501 U.S. 294, 297-98 (19 ). A condition of harm is serious if it is incompatible with "the evolving standards of decency that mark the progress of a maturing society . . . or which involve the

unnecessary or wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). That is, a court must consider whether the correctional officers' actions, taken contextually, were objectively harmful enough to offend contemporary standards of decency.

In an earlier case in which this Court was asked to address the use of such tethers, the Court indicated that the use of those items, in and of itself, was not so objectionable as to offend contemporary standards of decency. See Simuel v. Smith, et al., 5:04CV182-1-MU, document #62, p. 3-4. In fact, the undersigned there noted that the practice about which this plaintiff is complaining was used for security purposes, and only with those inmates who had proven themselves to be dangerous individuals. Id. at 4. Thus, such practice simply does not violate the plaintiff's constitutional rights.

Moreover, as has been noted, the plaintiff has not alleged that he suffered any physical injury as a result of the practice. Instead, the plaintiff merely claims that he suffered mental anguish as a result of having been tethered by prison employees. However, it is equally well-settled under the Prison Litigation Reform Act that a plaintiff must allege and show that he suffered physical injury in order to maintain a civil action for the infliction of mental or emotional injury. See 42 U.S.C. §1997e(e) (1996).

4

In sum, on the allegations before this Court, the undersigned finds that the plaintiff has failed to state a claim upon which relief can be granted.  Therefore, the plaintiff's Complaint must be <u>dismissed</u>.   28 U.S.C. 1915A(b)(1).

**SO ORDERED.**

Signed: May 30, 2006

Graham C. Mullen
United States District Judge